**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES O'DELL WALTON,** | ) | |
| **ID # 561346,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:16-CV-2211-N (BH)** |
| | ) | |
| **LORI DAVIS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** in part as barred by the statute of limitations, and **DISMISSED** in part for lack of jurisdiction.

## I.  BACKGROUND

James O'Dell Walton (Petitioner), an inmate currently incarcerated in the Clements Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He challenges both his conviction in Cause No. F14-76316 in Criminal District Court No. 5 in Dallas County, Texas, and his parole revocation for the sentence in Cause No. F90-29568 in the 203rd Judicial District Court of Dallas County, Texas.  The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

Petitioner was convicted of burglary of a building in Cause No. F90-29568 and sentenced to 40 years' imprisonment.  (*See* doc. 26-3 at 3); *see* www.dallascounty.org (search for petitioner). He was paroled on November 12, 2013.  (*See* docs. 26-1 at 3; 26-2 at 5.)  Petitioner was convicted

of theft in Cause No. F14-76316 on April 1, 2015, and he was sentenced to one year of imprisonment, with credit on his sentence from September 3, 2014. (*See* docs. 26-1 at 3; 26-3 at 3); *see* www.dallascounty.org (search for petitioner). His parole for the burglary case was revoked on April 29, 2015, based on his conviction in the theft case. (*See* doc. 26-1 at 3; 26-2 at 3, 7.) Petitioner filed a state habeas application dated August 10, 2015. *See* www.dallascounty.org (search for petitioner). On December 9, 2015, it was dismissed as non-compliant with Texas Rule of Appellate Procedure 73.1. *See Ex parte Walton*, No. 16,641-10 (Tex. Crim. App. Dec. 9, 2015).

Petitioner's federal habeas petition was received on July 7, 2016. (*See* doc. 3 at 10.) It claims that:

(1) He was maliciously prosecuted because his parole was revoked for the theft conviction, even though in the theft case he was sentenced to time served and his sentence was discharged;

(2) There was double jeopardy when his parole was revoked for the theft conviction and he discharged the sentence for theft;

(3) There was unconstitutional favoritism because his parole was revoked for a misdemeanor conviction, but a prisoner who receives probation for a felony offense does not have parole revoked;

(4) His constitutional rights were violated in the theft conviction due to a defective indictment, lack of a speedy trial, lack of probable cause, lack of an examining trial, defective bail proceedings, malicious prosecution, ineffective assistance of counsel, double jeopardy, and actual innocence.

(*See* docs. 1 at 5-6; 4.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit

lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

TDCJ records show that September 2, 2015, was the maximum date for completion of Petitioner's sentence in the theft case. (*See* doc. 26-3 at 3.) A federal court lacks subject matter jurisdiction to entertain a § 2254 petition that directly challenges the validity of a conviction for which the sentence has been discharged because the petitioner is not "in custody" for that conviction, "even if the prior conviction was used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." *Josey v. Thaler*, No. 4:11–CV–0633–A, 2012 WL 195002 at *2 (N.D. Tex. Jan. 23, 2012) (citing *Maleng*, 490 U.S. at 492).

Because Petitioner is not "in custody" for purposes of the theft conviction, his challenge to that conviction should be dismissed for lack of subject matter jurisdiction.

## II.  STATUTE OF LIMITATIONS

Respondent asserts that the § 2254 petition is barred by the statute of limitations.[1]  Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

### A.    Calculation of One-Year Period

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

---

[1]  Respondent also asserts that the claims regarding the parole revocation are unexhausted.  "[N]otwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," a habeas petition may be "denied on the merits."  28 U.S.C. § 2254(b)(2); *see also Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'").  The phrase "on the merits" in the context of § 2254(b)(2) includes a decision under the statute of limitations.  *See Beane v. Quarterman*, No. 3:09-CV-940-O, 2009 WL 2252060 at *3 n.2 (N.D. Tex. July 27, 2009) (court may deny habeas petition on the merits as barred by the statute of limitations despite a lack of exhaustion); *see also Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000) (Fifth Circuit applied the statute of limitations *sua sponte* to dismiss habeas petition with prejudice where the district court dismissed without prejudice for failure to exhaust); *Anthony v. Quarterman*, No. 3:04-CV-2019-P, 2007 WL 2059729 at *2 (N.D. Tex. July 16, 2007) (court may deny habeas petition on the merits as time-barred despite the failure to exhaust).  In this case, the administration of justice would be better served by bypassing the exhaustion issue and reaching the merits of the claims.

4

State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The factual predicate for the claims regarding Petitioner's parole revocation was discoverable on the date that his parole was revoked. *See Sanford v. Thaler*, 481 F. App'x 202, 203 (5th Cir. 2012) (§ 2244(d)(1)(D) applies to parole revocation claim).[2] Petitioner's parole was revoked on April 29, 2015, so he had until April 29, 2016, to file a § 2254 petition absent any tolling of the statute of limitations.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).    Petitioner's first state habeas application was not properly filed under § 2244(d)(2) because it was dismissed as being non-compliant with a state procedural rule, so it did not toll the limitations period. *See Davis v. Quarterman*, 342 F. App'x. 952, 953 (5th Cir. Aug. 27, 2009) (holding that a state writ dismissed pursuant to Tex. R. App. P. 73.1 was not "properly filed"

---

[2]    He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

within the meaning of § 2244(d)(1)(A)).  The § 2254 petition filed on July 7, 2016,[3] is therefore untimely.

C.    **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing.  *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  He bears the burden to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit has also stated that when a prisoner

---

[3] Prisoners file their federal pleadings when they place them in the prison mail system.  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Petitioner did not state that he placed his § 2254 petition in the prison mail system, so the date of filing is the date that it was received by the court.  The earliest possible date that it could have been mailed was June 14, 2016, the date of Petitioner's inmate trust statement that was mailed with his § 2254 petition.  The petition is untimely, even if that date is used as the filing date.

contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to equitable tolling of the federal statute of limitations.

## III. RECOMMENDATION

This petition for writ of habeas corpus should be **DISMISSED** for lack of subject matter jurisdiction as to the theft conviction claims, and **DENIED** as barred by the statute of limitations as to the parole revocation claims.

**SIGNED on this 20th day of July, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE